I respectfully dissent in part.
Farmers Insurance of Columbus, Inc. ("Farmers"), sold Barbara Thomas an insurance policy to cover a 1986 Plymouth Voyager, effective March 9, 1995. Farmers sold a separate policy to Charles Thomas to cover a 1983 Chrysler New Yorker, effective February 29, 1996. Each policy included uninsured motorists coverage of $100,000 per person and $300,000 per occurrence. On March 16, 1996, Charles Thomas was injured directly and Barbara Thomas was injured inderectly through the operation of an uninsured motor vehicle.
Barbara Thomas and Charles Thomas each sought to be compensated under their separate policies. Farmers refused to pay more than $100,000 based upon a finding that the injuries to the two separate individuals constituted a single claim because the injuries were ultimately the result of the injuries to Charles.
Farmers includes in its policies an "anti-stacking provision," which reads:
 If any applicable insurance other than this policy is issued to you by us or any other member company of the Farmers Insurance Group of Companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.
This provision would not normally apply to two separate policies sold to two separate persons. However, Farmers defines "you" to to mean both the named insured and the spouse of the named insured if the wife and husband reside in the same household. Thus, the "anti-stacking provision" purports to take away rights from a person who is a named insured under a separate contract of insurance even though the person who already had the rights is not a party to the new insurance contract.
We live in a time and a culture where husbands do not own wives and wives do not own husbands. Charles Thomas could not eradicate his wife's rights under a contract of insurance by entering a later contract of insurance with Farmers. Farmers could not refuse to honor the terms of its contract of insurance with Barbara Thomas based upon a later contract of insurance to which Barbara was not a party, even though the later contract was issued to her husband and purports to provide her benefits.
In short, I believe that the anti-stacking provision contained in the Farmers policies cannot be given any legal force and effect under the circumstances presented here. Barbara Thomas should be found to be entitled to receive whatever insurance proceeds she purchased when she purchased her policy on March 9, 1995. This cause should be remanded to the trial court for a declaratory judgment to that effect. To the extent that the opinion fails to do so, I respectfully dissent in part.